**UNITED STATES of America,**

v.

**Eladio CRUZ a/k/a Lado Eladio Cruz, Appellant.**

**No. 02–2824.**

United States Court of Appeals, Third Circuit.

Argued Feb. 28, 2003.

Decided March 21, 2003.

Esther Salas (argued), Lisa M. Mack, Federal Public Defender, Newark, NJ, for Appellant.

Christopher J. Christie, United States Attorney, George S. Leone, Chief, Appeals Division, Sabrina G. Comizzoli (argued), Assistant United States Attorney, Newark, NJ, for Appellee.

Before SCIRICA, GREENBERG, and GIBSON,* Circuit Judges.

* Honorable John R. Gibson, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

**OPINION OF THE COURT**

GREENBERG, Circuit Judge.

Eladio Cruz appeals from a judgment of conviction and sentence entered June 28, 2002, on his plea of guilty to an indictment charging him with conspiracy to distribute more than 50 grams of crack cocaine. The district court determined that his total offense level was 34 which with his criminal history category of VII yielded a sentencing range of 262 to 327 months. The court sentenced him to a 262–month custodial term to be followed by a five-year term of supervised release.

Cruz appeals, contending that "the [district] court erred in denying [his] downward departure motion for over-statement of criminal history because it failed to employ the applicable analytical framework, instead relying upon a skewed view of plea agreement stipulations and its assignment to [him] of responsibility for the sins of his son." Br. at 11. His son is a co-defendant in this case. The government answers that we lack jurisdiction because the district court explicitly recognized that it had the authority to depart but declined to do so.

We agree with the government and thus conclude that we do not have jurisdiction. *See United States v. McQuilkin*, 97 F.3d 723, 729–30 (3d Cir.1996). Consequently, we will dismiss this appeal.